UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PHILECIA BARNES,** formerly known as **PHILLIP W. BARNES,** | : : : | Case No. C-1-00-780 |
| | : | **JUDGE SUSAN DLOTT** |
| Plaintiff, | : : | **PLAINTIFF'S (AMENDED)** |
| vs. | : : | **RESPONSE TO DEFENDANT'S SECOND MOTION FOR STAY** |
| **CITY OF CINCINNATI,** | : : | |
| Defendant. | : | |

Defendant's second motion for a "Stay of Judgment and Plaintiffs' Attorneys' Request for Interim Fees Pending Appeal" should be denied.

**The Stay on the Judgment Should be Denied Unless a Bond is Paid**

First, Defendant requests a stay of the Judgment. The Judgment (Doc. 104) enters judgment for the Plaintiff on the jury verdict, back pay and on injunctive relief. Plaintiff objects to a stay on execution of the monetary judgment unless a bond is set pursuant to Fed. R. Civ. Pro. 62(b). A district court recently summarized the burden on a party seeking to take advantage of Rule 62(d):

> A party taking an appeal from a federal district court is entitled to a stay of money judgment as a matter of right if the party posts a bond to provide security. As a general rule, courts are to require full security where an unconditional money judgment is stayed pending appeal. Full security generally includes the whole amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay. The party seeking a departure from this rule bears the burden of objectively demonstrating reasons for such departure.

*Cobb v. Time, Inc.*, 2000 U.S. Dist. LEXIS 21786, at *3-4 (M.D. Tenn. May 23, 2000) (citations omitted) (attached). In this case, the Defendant has clearly not made any showing of why it should not be required to post a bond that includes the entire amount

of the judgment, in addition to interest and costs, including attorney fees that will accrue during appeal.[1]  Rule 62(d) demands that a party wishing to stay execution of a judgment pending appeal give a supersedeas bond; such a requirement ensures that—at the very least—status quo is maintained while an appeal is adjudicated, thus prevailing party's ability to collect her judgment and compensating her for delay during the appeal.  *See generally Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

While the City may argue that it is not required to post a bond under O.R.C. § 2505.12 (A)(2), this state law is inapplicable in federal court.  In state court a political subdivision of the state is exempt from posting a supersedeas bond.  O.R.C. § 2505.12 (A)(2).  However, Fed. R. of Civ. Proc. 62 only exempts the U.S. Government from paying a bond.  Rule 62 (e).  The Federal Rules allow no such exemption to state governments.  Furthermore, in the only district court case that addresses the issue, the Court held that the state statute does not apply to federal court supersedeas bonds pending appeal.  *Markowitz & Co. v. Toledo Metropolitan Housing Authority*, 74 F.R.D. 550 (N.D. Ohio 1977) (holding that the state law conflicted with a federal rule enacted by Congress).  *See also,*; *Wilmer v. Board of County Comm. Of Leavenworth, Kansas*, 844 F. Supp. 1414 (D. Kan. 1993) (following *Markowitz*); *Lamon v. City of Shawnee,* Kan, 758 F. Supp. 654 (D. Kan, 1991).  Nor can the City argue that it is exempt from posting a

---

[1]   Plaintiff notes that one of the problems inherent in the Defendant's premature motion is that precise calculation of a supersedeas bond is difficult at this stage of litigation.  Still pending before the Court is Plaintiff's motion to recover attorney fees.  A bond should include attorneys fees and costs. *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323 (11th Cir. 2002).  The court's resolution of that matter will necessarily impact the total judgment against Defendant.  In the event this Court grants Defendant's motion upon the condition of a supersedeas bond, Plaintiff reserves the right to petition the Court to increase the bond ordered once the Court calculates the proper attorney fee award.

2

bond under Fed. R. Civ. Proc. 62 (f) since the judgment in this case is not a lien against the City's property.

Plaintiff, therefore requests that if this Court grants a stay on the verdict, that the Court also order the City to post a bond of $320,000, plus attorneys fees and costs, plus 10% interest per year.

**Stay on Injunctive Relief Should be Denied**

Defendant requests that the Judgment be stayed. The injunction provides as follows:

1) Defendant shall not retaliate in any ay against Plaintiff for the filing of this lawsuit;

2) Defendant shall not engage in further discrimination against Plaintiff on the basis of her perceived sexual orientation, gender identity, transsexuality, or her failure to conform to sex stereotypes.

This Court should deny the stay to the extent it applies to the injunctive relief. Defendant offers no explanation for why the injunction should be stayed. This Court's Injunction enjoins the City from violating current law – not to retaliate and not to discriminate against Plaintiff. There are no possible grounds to support the City's request to Stay this injunction. Furthermore, Fed. R. Civ. Proc. 62(a) states that a judgment granting an injunction should not be stayed during pendency of an appeal. Therefore, to the extend the City requests a stay of injunctive relief, Plaintiff requests that the stay be denied.

**The Stay on the Motion for Attorney Fees Should be Denied**

Defendant seeks a stay of the Court's ruling on the petition for attorney fees and costs. Plaintiff filed her interim motion for fees (Doc. 94) on March 27, 2003, and a supplemental motion (Doc. 105) on August 13, 2003. Defendant has not responded to either.[2] Motions for attorneys fees and costs are to be filed 14 days after judgment is entered. Fed. R. Civ. Proc. 54 (d)(2)(A). The filing of a notice of appeal, prior to the Court's ruling on a fee motion, does not divest the court of jurisdiction, since the fee motion is a collateral matter.[3] *AAA Venetian Blind Sales, Inc v. Beaulieu Of America, Inc.*, 1997 WL 476517 *4 (6th Cir.) (copy attached), citing *Reed v. Country Miss, Inc.*, 1995 WL 348041, at *2 (6th Cir. June 8, 1995) (copy attached); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); and *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202-03 (1988). Therefore, this Court has jurisdiction to rule on the attorney fee's motion.

Furthermore, for the sake of judicial economy, any appeal from a ruling on the fee motion could be consolidated with the pending appeal on the merits.

Plaintiff therefore respectfully requests the court to deny Defendant's motion for a stay of the fee motion. Plaintiff further requests the Court to issue a briefing schedule on the fee motion.

Respectfully submitted,

---

[2] Defendant sought a two week extension on filing its memorandum in response to the fee motion or in the alternative an extension until after the Court ruled on the post trial motions, including a motion for stay. While the Court granted the extension of time in a marginal order, it is unclear whether the two week extension was granted or the alternative relief requested. Nonetheless, Defendant has not filed a response.

[3] A pending motion for fees does not delay the effectiveness of the filing of the notice of appeal unless the court orders, pursuant to Fed. R. Civ. Proc. 58 (c)(2) to treat the fee motion as a Rule 59 motion. The Court has made no such order, nor has any party requested that the Court do so.

s/ Jennifer L. Branch
Alphonse A. Gerhardstein #0032053
Trial Attorney for Plaintiff
Jennifer L. Branch #0038893
Attorney for Plaintiff
LAUFMAN & GERHARDSTEIN
617 Vine Street #1409
Cincinnati, Ohio 45202
(513) 621-9100

## CERTIFICATE OF SERVICE

I here by certify that on September 4, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance:

Augustine Giglio
Attorneys for Defendant
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, OH 45202

s/ Jennifer L. Branch
Attorney for Plaintiff

5