NOTICE:  THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.  Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

AAA VENETIAN BLIND SALES, INC.,
Plaintiff-Appellant/Cross-Appellee,
v.
BEAUFIEU OF AMERICA, INC.,
Defendant-appellee.
CORONET INDUSTRIES, INC.,
Defendant/Cross-Appellant.

Nos. 96-1108, 96-1844.

Aug. 19, 1997.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before:  SILER and COLE, Circuit Judges; WISEMAN, District Judge. [FN*]

> FN* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

SILER

**1 AAA Venetian Blind Sales, Inc. ("AAA"), plaintiff, appeals the district court's order granting the motion of Beaulieu of America, Inc. ("Beaulieu"), defendant, to set aside the entry of default and default judgment entered against it.  Coronet Industries, Inc. ("Coronet"), defendant, appeals the district court's orders denying its post-judgment motions for costs and attorney fees, and Rule 58 judgment as to taxed bill of costs.

With respect to AAA's appeal, we are presented with the following questions:  (1) whether its appeal should be dismissed for lack of jurisdiction because the notice of appeal was filed by an officer of AAA who was not a licensed attorney;  (2) whether the district court abused its discretion in granting Beaulieu's motion to set aside the default and default judgment;  (3) whether AAA was denied due process of law by the manner in which the district court decided Beaulieu's motion to set aside the default and default judgment;  and (4) whether the district court abused its discretion in granting Beaulieu's motion for summary judgment before the completion of discovery.

With respect to Coronet's appeal, we must consider the following issues:  (1) whether the district court abused its discretion in denying Coronet's motions for attorney fees based on AAA's bad faith;  (2) whether Coronet's appeal from the magistrate judge's order denying its request for expenses and attorney fees arising out of its motion to compel is properly before this court;  (3) whether the district court abused its discretion in denying Coronet's Rule 11 motions; and (4) whether the district court abused its discretion in denying Coronet an award of all its requested costs.

For the reasons that follow, we affirm the district court in all respects as to both AAA and Coronet, except we dismiss Coronet's appeal from the magistrate judge's order for want of jurisdiction.

On October 6, 1993, AAA, a retailer of carpeting in Grand Rapids, Michigan, filed a complaint against Beaulieu alleging that Coronet, a corporation allegedly owned by Beaulieu, had refused to sell it carpet in violation of the Sherman Act, 15 U.S.C. § 1. A default and default judgment were entered against Beaulieu, but were later set aside.  On March 7, 1994, AAA amended its complaint adding Coronet as a defendant.  The case then proceeded on the merits of the claims against both defendants.

On September 27, 1994, the district court granted Beaulieu's motion for summary judgment, terminating its status as a party.  For the next year, the matter proceeded through discovery and toward trial against Coronet.  On October 3, 1995, however, the district court entered summary judgment in favor of Coronet because AAA did not demonstrate the existence of a price fixing agreement between Coronet and AAA's retail competitors.

The district court denied Coronet's motions for attorney fees under Rule 54(d)(2);  for costs, expenses, and for attorney fees under 28 U.S.C. § 1927;  for attorney fees arising out of its motion to compel discovery;  and for costs, expenses, and attorney fees for violations of Rule 11 by AAA and its attorney.  Coronet filed a Bill of Costs, requesting that AAA be taxed with costs in excess of $13,220, but was only awarded costs in the amount of $2022.17.

II.

A. AAA v. Beaulieu

**\*\*2** 1.  AAA's appeal will not be dismissed.

Beaulieu asks that AAA's appeal be dismissed because the notice of appeal was signed and filed by John Barnes, AAA's president and chief executive officer who was not a licensed attorney. "The rule of this circuit is that a corporation cannot appear in federal court except through an attorney" *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir.1984). Moreover, under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record" AAA was represented by Sherman Cone in this case, and therefore, its notice of appeal should have been signed by him.

Although the filing of AAA's notice of appeal was improper, we decline to dismiss the appeal on this basis.  Cone filed a notice of appearance and thereafter filed a brief for AAA. *Cf K.M.A., Inc. v. General Motors Acceptance Corp. (In re K.M.A., Inc.),* 652 F.2d 398, 399 (5th Cir.1981) (per curiam) (granting appellee's motion to dismiss, unless within thirty days an attorney filed an appearance to represent the appellant, in which event the appeal would not be dismissed)

 2. The district court did not abuse its discretion in setting aside the default and default judgment.

AAA asserts that the district court abused its discretion when it granted Beaulieu's motion to set aside the entry of default and default judgment.  A district court's decision to set aside a default judgment is reviewed for abuse of discretion. *Thompson v. American Home Assurance Co.,* 95 F.3d 429, 432 (6th Cir.1996).

AAA was granted a default judgment against Beaulieu for its failure to appear or file an answer to AAA's complaint filed on October 6, 1993. Although the complaint named Beaulieu as defendant, the allegations in the complaint were directed solely against Coronet.  Beaulieu, therefore, forwarded the complaint to Coronet.  On October 22, 1993, the Regional Sales Manager at Coronet wrote to AAA's attorney, Cone, wherein it was stated: "The allegations that have been made with respect of not doing business with AAA Venetian Blind Sales, Inc. are untrue."  This correspondence was not brought to the court's attention at the time of its entry of default and default judgment.  AAA also sent interrogatories to Beaulieu, which forwarded them to Coronet.

Beaulieu successfully moved the district court to set aside the entry of default and default judgment. Under Rule of Civil Procedure 55, the court may set aside an entry of default "[f]or good cause shown." FED. R. CIV. P. 55(c).  The determination of "good cause" requires the court to consider: "(1) whether the entry of default was the result of willful or culpable conduct;  (2) whether a set-aside would prejudice the plaintiff, and (3) whether the defenses raised following the entry of default are meritorious." *Thompson,* 95 F.3d at 432.  There was good cause in the present case to set aside the entry of default. First, there was not "willful or culpable conduct" on the part of Beaulieu as it had forwarded all materials to Coronet.  Such conduct did not "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *See INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 399 (6th Cir.1987).  Second, AAA would not have been prejudiced from the setting aside of the entry of default.  Mere delay is not a sufficient basis for establishing prejudice. *Amernational Indus., Inc. v. Action- Tungram, Inc.,* 925 F.2d 970, 977 (6th Cir.1991).  Third, Beaulieu raised the defense that it does not own Coronet.  Accordingly, the district court did not abuse its discretion in setting aside the entry of default.

**\*\*3** Once a court has entered judgment on default, it may set aside that judgment only in accordance with Federal Rule of Civil Procedure 60(b). *Thompson,* 95 F.3d at 432, FED. R. Civ. P.55(c).  Rule 60(b) provides that a court may set aside a final judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect."  We assume that the district court decided to set aside the judgment based upon a finding of mistake or excusable neglect. Given that the allegations in the complaint were directly solely against Coronet, there was no abuse of discretion. [FN1]

> FN1. Finding that the judgment was properly set aside in accordance with Rule 60(b), we decline to consider whether it was also properly set aside under Rule 55Co)(2).

 3. AAA was not denied due process of law.

AAA alternatively asserts that it was denied due process of law because it did not have fourteen days,

as provided by the Western District of Michigan's Local Rule 28(c), to respond to Beaulieu's motion after it was filed. Citing *Cleveland Bd. of educ. v. Loudermill,* 470 U.S. 532 (1985), it argues that it was not given notice and an opportunity to respond. Because AAA never took advantage of the opportunity to file a motion for reconsideration and still had the opportunity to pursue its antitrust claim against Beaulieu, we find its due process claim to be without merit.

   4. The district court did not abuse its discretion in granting Beaulieu's motion for summary judgment before the completion of discovery.

In a final attempt, AAA asserts that the district court abused its discretion when it prematurely granted summary judgment to Beaulieu before discovery was complete. To preserve this argument for appeal, AAA must have complied with Federal Rule of Civil Procedure 56(f) by submitting an affidavit stating that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." *Plotty. General Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir.1995), *cert. denied,* 116 S.Ct. 1546 (1996). The record does not indicate that AAA submitted any such affidavit. By not doing so, it failed to carry its burden of demonstrating why it was unable to oppose the motion for summary judgment. *See Klepper v. First Am. Bank,* 916 F.2d 337, 343 (6th Cir.1990). Thus, the district court did not abuse its discretion in granting summary judgment to Beaulieu.

  B. Coronet v. AAA

Coronet appeals the district court's order, dated December 7, 1995, denying its motions for attorney fees under Federal Rule of Civil Procedure 54(d)(2), and for attorney fees under 28 U SC. § 1927 ("Attorney Fee Order"): from the magistrate judge's order, dated January 1, 1996, denying its motion for attorney fees arising out of its motion to compel discovery ("Discovery Attorney Fee Order"); and from the district court's order, dated May 22, 1996, denying its motions for attorney fees under Federal Rule of Civil Procedure 11 for sanctions against AAA's attorney ("Rule 11 Order").

   1. The district court did not abuse its discretion in denying Coronet's motions for attorney fees based on AAA's bad faith.

**\*\*4** We review the denial of attorney fees for abuse of discretion. *Black v. Ryder/P.IE. Nationwide, Inc.,* 970 F.2d 1461, 1472 (6th Cir.1992). Coronet contends that the district court abused its discretion when it denied its motions for attorney fees under Federal Rule of Civil Procedure 54(d)(2) and for costs, expenses, and attorney fees under 28 U.S.C. § 1927. Rule 54(d)(2) requires claims for attorney fees to be made by motion specifying the "judgment, statute, rule, or other grounds entitling the moving party to the award." FED. R. CIV. P. 54(d)(2)(B). Section 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

As recognized by the district court in this case, the general rule in American courts is that a prevailing party may not recover attorney fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y* 421 U.S. 240, 245 (1975). Addressing the "bad faith" exception to this general rule, the district court found that none of the challenged conduct of AAA or of its attorney, Cone, was sufficient to warrant the assessment of attorney fees under Rule 54(d)(2) or under Section 1927. The district court properly analyzed this issue and did not abuse its discretion in denying Coronet's motions for attorney fees.

   2. Coronet's appeal from the magistrate judge's order denying its request for expenses and attorney fees arising out of its motion to compel discovery is not properly before this court.

On January 10, 1996, the magistrate judge denied Coronet's renewed request for attorney fees arising out of its motion to compel discovery. AAA asserts that Coronet's appeal from the magistratejudge's order is not properly before this court because Coronet never filed objections to the order as required by Rule 13(a) of the Local Rules of Practice and Procedure of the United States District Court for the Western District of Michigan. Coronet responds that it would agree with AAA, but for the "unique procedural facts in this case." It argues that even if it had attempted to appeal from the order within ten days of its entry, by that time, the district court had already been divested of its jurisdiction in the case by virtue of AAA's notice of appeal, filed on January 5, 1996.

Although a timely notice of appeal divests a district court of jurisdiction over a case, it does not divest a district court of jurisdiction over matters collateral to the main cause of action. *Reed v. Country Miss, Inc.,* 57 F.3d 1070 (Table), 1995 WL 348041, at \*2 (6th Cir. June 8, 1995) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)).

Attorney fees are always collateral to the main cause of action. *Id.* (citing *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202-03 (1988)). As in *Reed,* we reject the argument that the filing of notice of appeal after entry of judgment divested the district court of jurisdiction to award attorney fees.

*Id*

**\*\*5** Although the district court would have had jurisdiction to enter a post- judgment order denying attorney fees, the magistrate judge did not. [FN2] *See Bennett v. General Caster Serv. of N. Gordon Co.,* 976 F.2d 995, 998 n. 5 (6th Cir.1992) (per curiam). In *Massey v. City of Ferndale,* 7 F.3d 506, 509-10 (6th Cir.1993), this court concluded that "motions for sanctions, fees and costs are not to be determined by a magistrate judge." Rather than issuing an order, the magistrate judge should have issued a report and recommendation for de novo review by the district court. Title 28 United States Code Section 1291 grants the courts of appeals jurisdiction over the district courts' final decisions. There was no final, appealable decision by the district court on the issue of those attorney fees in the present case because the district court never reviewed the magistrate judge's order and never entered a final judgment. *See Bennett,* 976 F.2d at 998-99; *Silberstein v. Silberstein,* 859 F.2d 40, 41 (7th Cir.1988). Because there is no indication in the record that the district court designated that the magistrate judge have plenary authority and that the parties consented, [FN3] we are without jurisdiction to review the magistrate judge's order. *See Ambrose v. Welch,* 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam); *Silberstein,* 859 F.2d at 41-42; 28 U.S.C. § 636(c)(1). Thus, Coronet's appeal from the magistrate judge's order is dismissed.

> FN2. We may raise this issue *sua sponte* at this time because it goes to this court's subject matter jurisdiction. *Ambrose v. Welch,* 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam).
>
> FN3. The parties, however, apparently consented to the magistrate judge's entering a final order on Coronet's motion to compel, out of which arose its motion for attorney fees. The order was signed and "[p]resented by" Coronet's attorney and signed, "[c]onsented to and approved by" AAA's attorney.

3. The district court did not abuse its discretion in denying Coronet's Rule 11 motions.

Coronet contends that the district court abused its discretion when it denied its motions for attorney fees under Rule 11 of the Federal Rules of Civil Procedure. In reviewing the district court's finding that there was no Rule 11 violation, we apply the abuse of discretion standard. *McGhee v. Sanilac County,* 934 F.2d 89, 92 (6th Cir.1991). "[I]n this circuit, the test for the imposition of Rule II sanctions is whether the individual attorney's conduct was reasonable under the circumstances" *Mann v. G & G Mfg., Inc.,* 900 F.2d 953, 958 (6th Cir.1990).

Rule 11 (b) reads, in part, that an attorney or party who signs, files, submits, or later advocates a pleading, written motion, or other paper, avers that
  (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation;
  (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
  (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Coronet moved to sanction AAA's counsel, Cone, for "knowing fill well" that AAA's factual allegations had no basis in fact and were not warranted by existing law and for opposing Coronet's motion for summary judgment. In support of its motion, Coronet argued that AAA did not offer sufficient evidence for its claims, especially as to damages and the existence of an anticompetitive agreement between Coronet and AAA's retail competitors. In response, the court pointed out that it initially denied Coronet's motion for summary judgment and that only upon a motion for reconsideration was it convinced that summary judgment was warranted. It stated that it was "not persuaded that AAA's claims were not objectively reasonable at the time AAA filed its complaint and opposed Coronet's motion for summary judgment." Accordingly, the court found that counsel did not violate Rule 11 and refused to impose sanctions.

**\*\*6** The district court abuses its discretion when its ruling is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence" *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405

(1990). Coronet asserts that the district court erred when it made no factual findings regarding the extent of Cone's pre-filing inquiries into whether AAA's claims had any basis in fact. It cites *Cooler & Gell* for its statement that "the court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper" when determining whether the attorney violated Rule 11. *Id.* at 399. The district court in the present case did consider this issue and determined that, at the time the complaint was filed and Coronet's motion for summary judgment was opposed, AAA's claims were objectively reasonable. The district court was in a better position than this court to make that determination. As it did not "base[ ] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," and thus, did not abuse its discretion, *id* at 405, its denial of sanctions is upheld.

4. The district court did not abuse its discretion in denying Coronet an award of all its requested costs.

Coronet asserts that the district court erred in awarding it $2022.17 in costs, rather than $13,220 as requested. We review an award of costs for abuse of discretion. *Jones v. Continental Corp.,* 789 F.2d 1225, 1229 (6th Cir.1986). After carefully reviewing the record, we cannot say that the district court abused its discretion in disallowing any of the challenged costs. Costs were properly awarded to Coronet in the amount of $2022.17.

III.

We affirm the district court in all respects except on the magistrate judge's order denying Coronet's request for attorney fees and expenses arising out of its motion to compel. With respect to the appeal from that order, we dismiss for lack of jurisdiction.

END OF DOCUMENT