49 of 170 DOCUMENTS

RANDALL CRAIG COBB, a/k/a RANDALL "TEX" COBB, Plaintiff, v. TIME, INC., d/b/a SPORTS ILLUSTRATED, Defendant.

No. 3:94-0836

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

2000 U.S. Dist. LEXIS 21786

May 23, 2000, Decided

May 23, 2000, Entered

**DISPOSITION:**
[*1] Defendant's Motion for Stay Pending Appeal GRANTED IN PART and DENIED IN PART, and Motion for Stay Pending Post-Trial Motions DENIED AS MOOT.

**COUNSEL:**
For RANDALL CRAIG COBB, plaintiff: Gavin P. Lentz.

For RANDALL CRAIG COBB, plaintiff: George Bochetto, Gary Mezzy, Bochetto & Lentz, P.C., Philadelphia, PA.

For TIME, INC., defendant: Douglas Ray Pierce, R. Eddie Wayland, Alexander J. Passantino, King & Ballow, Nashville, TN.

For TIME, INC., defendant: Paul G. Gardephe, Douglass B. Maynard, Time, Inc., New York, NY.

For SHARON RUBEN COBB, miscellaneous: Prince C. Chambliss, Franklin A. Garrison, Armstrong, Allen, Prewitt, Gentry, Johnston & Holmes, Memphis, TN.

For SHARON RUBEN COBB, miscellaneous: Claybourne E. Chavers, The Chavers Law Firm, P.C., Washington, DC.

For B. RYLAND WIGGS, BEN HALL MCFARLIN, JR., movants: Jay Scott Bowen, Bowen, Riley, Warnock & Jacobson, PLC, Nashville, TN.

For SHARON RUBEN COBB, intervenor: Lucian T. Pera, Franklin A. Garrison, Armstrong, Allen, Prewitt, Gentry, Johnston & Holmes, Memphis, TN.

**JUDGES:**
ROBERT L. ECHOLS, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:**
ROBERT L. ECHOLS

**OPINION:**

ORDER

Pending before the Court are the following [*2] Motions: (1) Defendant's Motion for Stay of Execution or of Any Proceedings to Enforce Award of Costs Pending Post-Trial Motions (Doc. Entry No. 381) and (2) Defendant's Motion for Stay of Execution of or any Proceedings to Enforce Judgment Pending Appeal (Doc. Entry No. 388), to which Plaintiff has responded in opposition. For the reasons discussed herein, the Motion for Stay Pending Post-Trial Motions is hereby DENIED AS MOOT, and the Motion for Stay Pending Appeal is hereby GRANTED IN PART and DENIED IN PART, as discussed in particular below.

First, Defendant moves for a stay of costs pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. Rule 62(b) provides that a district court may stay the execution of a judgment or any proceedings to enforce such judgment pending the disposition of post-trial motions brought pursuant to Rules 50 or 59 of the Federal Rules of Civil Procedure. As all Rule 50 and 59

motions in this case have been addressed, there is no basis for granting a stay under Rule 62(b). Accordingly, this Motion is DENIED AS MOOT. In the event of reversal on appeal, Plaintiff's counsel shall be responsible for reimbursement of the said cost figures plus any accrued [*3] interest.

Second, Defendant moves for a stay of execution of the judgment pending resolution of the appeal of this case, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure and Rule 8(a)(1) of the Federal Rules of Appellant Procedure. A party taking an appeal from a federal district court is entitled to a stay of money judgment as a matter of right if the party posts a bond to provide security. American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3; 17 L. Ed. 2d 37 (1966) (Harlan, J., mem. op.). As a general rule, courts are to require full security where an unconditional money judgment is stayed pending appeal. Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). Full security generally includes the whole amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay. Id. See BellSouth Telecom., Inc. v. ITC Deltacom Com., Inc., 190 F.R.D. 693, 696 (M.D. Ala. 1999). The party seeking a departure from this rule bears the burden of objectively demonstrating reasons for such departure. [*4] Poplar Grove, 600 F.2d at 1191. The party may meet this burden by showing that posting of full security is not practicable and that waiver or modification will not impair the judgment creditor's ability to collect its judgment. Wunschel & Small, Inc. v. United States, 1 Cl. Ct. 101, 554 F. Supp. 444, 445 (U.S. Cl. Ct. 1983).

Pursuant to its Motion, Defendant has filed a bond in the amount of $ 10,710,768.30. Plaintiff agrees Defendant is entitled to a stay if it is properly secured, but alleges that the appropriate amount must include post-judgment interest, including interest which will accrue during the pendency of the appeal. Plaintiff alleges that, in this case, that amount totals $ 11,627,756.37. n1 Defendant responds in opposition that, because the amount of the bond it has posted is significant and because bonding the additional amount of $ 916,988.07 would "only result in a waste of time and expense," the Court should permit the stay subject to the bond previously filed.

n1 Plaintiff calculated this amount as follows. The total of compensatory and punitive damages and costs is $ 10,710,768.30. Pursuant to 28 U.S.C. § 1961, Plaintiff is entitled to post-judgment interest on this amount at 4.63%, compounded annually. Based on these factors, Plaintiff became entitled to interest totaling $ 300,261.67 during the period between entry of judgment (June 24, 1999) and the date the notice of appeal was filed (January 31, 2000). According to statistics from the Federal Judicial Center, the average Sixth Circuit appeal takes 14.5 months. As such, Plaintiff alleges he may reasonably expect to accrue an additional $ 616,726.00 in interest before the disposition of the appeal.

[*5]
Having considered the relevant facts and circumstances, the Court finds, as an initial matter, that Defendant falls within the general rule under which a judgment debtor seeking a stay of execution pending appeal must post a supersedeas bond for the full amount. In such a case, a judgment debtor can avoid posting a bond for the full amount only by showing (1) that posting the bond would be impracticable and (2) that modification of the requirement would not impair Plaintiff's rights.

With regard to the first prong, Defendant has not produced evidence sufficient to show that posting such a bond is impracticable. With regard to the second prong, the Court notes that at trial Defendant Time, Inc. sought to minimize its net worth and income by introducing the financial statements for only one of its divisions, Sports Illustrated, which showed an operating income of $ 112,746,114. Defendant refused to submit its own financial statements or net income. Now, however, in its attempt to avoid posting a supersedeas bond that would protect Plaintiff's recovery of post-judgment interest in the event of Defendant's default, Defendant seeks to introduce financial information regarding its parent [*6] company, Time Warner Inc., n2 which is a great deal larger than Time, Inc., although there is no evidence to suggest that the parent would be liable for the debts and obligations of its subsidiary.

n2 Defendant has submitted the Form 10-K Annual Reports created pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the fiscal years ending December 31, 1997, and December 31, 1998.

The financial reports produced by the Defendant indicate that Time Warner Inc.'s revenues in 1998 were $ 14.582 billion. Plaintiff, on the other hand, has submitted evidence that Time Warner has net debt of $ 10.5 billion, $ 895 million of borrowings against future stock option proceeds, $ 575 million of mandatorily redeemable

preferred securities of a subsidiary, and shareholders' equity of $ 8.9 billion in 1998. In addition, the Court is still without clarifying evidence regarding the true financial condition of the Defendant, Time, Inc.

Having considered the evidence produced by the parties with regard to this [*7] issue, the Court finds Defendant has not met its burden to prove by a preponderance of the evidence that the proposed modification of the bonding requirement would not impair Plaintiff's ability to collect its judgment. As such, Defendant shall be required to post a bond for the full amount of damages, costs, and accrued interest through the date of entry of this Order.

For the reasons discussed, Defendant's Motion is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED insofar as it seeks a stay pending appeal upon posting a supersedeas bond for the requisite amount. The Motion is DENIED insofar as Defendant requests that the bond be reduced below the amount of damages, costs, and interest accruing as of May 31, 2000. Accordingly, Defendant shall post an additional bond in the amount of $ 464,658.32. n3

n3 Pursuant to 28 U.S.C. § 1961, the Court calculated this total using an interest rate of 4.63% applied to the award of $ 10,710,768.30 for the period from entry of judgment through May 31, 2000.

[*8]

It is so ORDERED.

ROBERT L. ECHOLS

UNITED STATES DISTRICT JUDGE

5/23/00