UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PHILICIA W. BARNES**                                    Case No. C-1-00-780
**formally known as**
**PHILLIP W. BARNES**

       **PLAINTIFF**                                    (Judge Dlott)

vs.                                                                **DEFENDANT CITY OF CINCINNATI'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR STAY PENDING APPEAL**

**CITY OF CINCINNATI**

       **DEFENDANT**

The Plaintiff has raised several arguments in her Memorandum in Opposition to the City's Motion for Stay. The City will address them individually.

1.     **Stay pursuant to F. R. of Civ. Pro. 62(b).**

A supersedeas bond is not mandatory when a stay is sought pending appeal. Posting a bond only makes a stay automatic. See *Dillon v. City of Chicago,* 866 F. 2d 902 (7th Cir.1988), see also *Olympia Equipment Company, Alfco Telecommunications Company, and Abraham Feldman v. Western Union Telegraph Company*, 786 F. 2d 794 (7th Cir. 1986).

This court has discretion based upon the facts to grant a stay without bond. The ultimate issue here is whether Plaintiff would be able to recover on her judgment if no bond were posted. In the present case, the Court can take judicial notice of Defendant's ability to pay the amount of this judgment. The City has

multiple sources of revenue. In addition to general taxing authority, the City of Cincinnati also has the ability to pursue issuance of judgment bonds to satisfy a judgment. This is in addition to the other obvious substantial assets of a large municipal corporation such as the Defendant. The Defendant's ability to pay the judgment is so plain that to require a supersedeas bond would be a waste of time and money. Therefore, granting a stay without a bond in the present case will have no adverse impact on the Plaintiff.

2.  **Stay of Injunctive Relief**

    As initially argued at the time Plaintiff sought injunctive relief, the Plaintiff is already protected under Tile VII from any retaliation for bringing a claim under the statute. In addition, one of the issues on appeal with be whether the Court had jurisdiction to issue the injunction. While a Plaintiff may have standing to bring a claim for damages based upon alleged past unconstitutional conduct, that incident alone does not confer standing to bring an action for injunctive relief. The Supreme Court has addressed this issue in at least two cases, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) and *Kolender v. Lawson*, 461 U.S. 352 (1983).

    While there is no immediate need for the Order of Injunctive relief, the Court may grant a stay of all other issues including attorney fees until a final adjudication is made. Such action would have no adverse impact upon the Plaintiff.

3.  **Staying Motion for Attorneys fees.**

Since this case is ongoing and has not reached conclusion, it is impracticable to address attorney fees at this point in time. As noted by Plaintiff's counsel, the motion is for *interim* fees. Clearly it is reasonably anticipated that Plaintiff's counsel will seek additional fees for time expended in the defense of the pending appeal if such appeal is unsuccessful. Since Plaintiff's original motion, which the City assumed was stayed, Plaintiff has filed a second motion for an additional sum in excess of $23,000. To address Plaintiff's Motion for Attorney fees at this point will result in a piece-meal approach to the issue of fees. It is more reasonable to address attorney fees at the conclusion of the case and not in the middle of litigation.

Therefore the issue and proper amount of fees the Court should consider is not ripe at this time. It is not only premature but an unnecessary expenditure of time to submit additional briefs and arguments on the issue of attorney fees at this stage in the proceedings.

It is therefore respectfully requested that all matters before this Court be stayed until the Appellate Court has had the opportunity to review this Judgment.

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor

_____

**AUGUSTINE GIGLIO**  (0031911)
**GERI HERNANDEZ GEILER** (0042081)
Sr. Assistant City Solicitors
Room 214 City Hall
801 Plum Street

                                        Cincinnati, Ohio 45202
                                        Ph. (513) 352-3334

                                        Trial Attorneys for Defendant City of Cincinnati

## **CERTIFICATE OF SERVICE**

I hereby certify that on September___2003, a copy of the foregoing memorandum was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance.

                                          _____
                                          AUGUSTINE GIGLIO (0031911)