No. 04-3320

**FILED**

**JUN 1 4 2004**

**LEONARD GREEN, Clerk**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PHILECIA BARNES, formerly known as Phillip )
Barnes, )
                                                              )
     Plaintiff-Appellee, )
                                                               )
v.                                                           )      O R D E R
                                                               )
CITY OF CINCINNATI, )
                                                               )
     Defendant-Appellant. )

Before: SILER, MOORE, and BALDOCK, Circuit Judges.*

     The defendant, the City of Cincinnati, appeals a post-judgment order of the district court awarding attorneys fees and costs to the plaintiff in this employment discrimination case. The City now moves to stay the monetary judgment and to waive the bond requirement. *See* Fed. R. Civ. P. 62. The district court has denied a similar request. The plaintiff opposes the motion.

     Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain an automatic stay of execution on the judgment pending appeal as a matter of right by posting a satisfactory supersedeas bond. *Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citations omitted). "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances." *Federal Prescription Service Inc. v. American Pharmaceutical Association*, 636 F.2d 755, 760 (D.C. Cir. 1980). "In unusual circumstances, however, the district court may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest

---

     *The Honorable Bobby R. Baldock, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

in ultimate recovery." *Id.* at 760-61. See *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1989); *Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986). The burden is on the moving party to objectively demonstrate the reasons for such a departure. "It is not the burden of the judgment creditor to initiate contrary proof." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). A district court's decision on whether to waive the bond requirement is reviewed for an abuse of discretion. *Arban*, 345 F.3d 390; *Dillon*, 886 F.2d at 904.

The City has not presented sufficient evidence to support its claim that it is entitled to a stay without bond pursuant to Rule 62(f). According to the plaintiff, the judgment does not operate as a lien upon the City's property because a certified copy of the judgment has not been filed in state court. *See* Ohio Revised Code § 2329.02. Therefore, Rule 62(f) appears to be inapplicable.

The City's second argument focuses on the district court's alleged failure to "reasonably apply" the criteria identified in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988), for determining whether the bond requirement should be waived. "A district court abuses its discretion when it relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *Wikol v. Birmingham Public School Board of Education*, 360 F.3d 604, 611 (6th Cir. 2004). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985). The district court considered the applicable law and weighed the City's ability to pay the judgment against the amount of the judgment and the length of time the litigation has been pending. Although the matter might have been decided differently, the City has not presented, at this stage of the proceedings, sufficient evidence to warrant a finding that the district court acted unreasonably. *See Lightfoot v. Walker*, 797

No. 04-3320
- 3 -

F.2d 505, 507 (7th Cir. 1986) ("Responsibility for deciding whether to require a bond as a condition of staying execution of the judgment pending appeal is vested initially in the district judge, and we shall reverse his decision only if convinced that he has acted unreasonably.").

The City's motion for a stay is **DENIED**.

ENTERED BY ORDER OF THE COURT

*Leonard Green*
Clerk