UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PHILECIA BARNES, formerly known as PHILLIP W. BARNES,** | : | Case No. 1:c00-cv-780 |
| | : | Judge Susan Dlott |
| Plaintiff, | : | |
| | : | |
| vs. | : | **PLAINTIFF'S MOTION FOR** |
| | : | **FINAL SUPPLEMENTAL** |
| **CITY OF CINCINNATI,** | : | **ATTORNEY FEES AND** |
| | : | **EXPENSES AND MEMORANDUM** |
| Defendant. | : | **IN SUPPORT** |

## MOTION

Plaintiff, pursuant to 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988, moves for a final fee award now that all appeals are exhausted. Plaintiff moves for fees and expenses expended since August 12, 2003 (which is the date of Plaintiff's prior fee petition). Plaintiff incorporates her original fee petition. (Doc. 94).

## MEMORANDUM IN SUPPORT

**I.   The Supplemental Hours Expended By Plaintiff's Counsel Are Reasonable**

Sine the last supplemental fee petition was filed, Plaintiff's counsel has researched and drafted her briefs in opposition to the City's unsuccessful appeals to the Sixth Circuit and the U.S. Supreme Court. These hours and expenses are reasonable.

**II.  Calculation Of Fees Under 42 U.S.C. §1988**

Plaintiff requests an award of fees based on hourly rates of $350 for Alphonse A. Gerhardstein and $250[1] for Jennifer Branch for reasons set below. The hours were expended in

---

[1] While Ms. Branch's hourly rate increased from $250 to $275 per hour in January 2004, the rate requested in this petition are those the Court approved in 2003. The law clerk rate also increased in 2004 to $60 per hour, however, the rate the Court approved in 2003, $50 is being sought in this petition.

defending the verdict on appeal to the Sixth Circuit Court of Appeals and the U.S. Supreme Court. The reasonableness of the hourly rate was fully briefed in the original fee petition (Doc. 94). This Court granted these rates (Doc. 123), which was upheld by the Sixth Circuit in *City of Cincinnati v. Barnes*, 401 F.3d 729 (6th Cir. 2005).

### SUPPLEMENTAL FEES REQUESTED FROM AUGUST 12, 2003 THROUGH NOVEMBER 8, 2005.

|  | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Alphonse A. Gerhardstein | 38.4 | $350 | $13,440 |
| Jennifer Branch | 131.9 | $250 | 32,975 |
| Paralegals | 31 | $65 | 2,015 |
| Law Clerks | 68.8 | $50 | 3,440 |
|  |  |  | **$51,870** |
| **Total** |  |  |  |

**III.   A Multiplier is appropriate in this case**

For the same reasons contained in Plaintiff's original fee petition and this Court's order awarding a multiplier (Doc. 123), Plaintiff requests a multiplier of 1.75.

### SUPPLEMENTAL FEES REQUESTED WITH MULTIPLIER OF 1.75

|  | Hours | Hourly Rate | Lodestar | 1.75 Multiplier |
|---|---|---|---|---|
| Alphonse A. Gerhardstein | 38.4 | $350 | $13,440 | $23,520 |
| Jennifer Branch | 131.9 | $250 | 32,975 | 57,706 |
| Paralegals | 31 | $65 | 2,015 | 3,526 |
| Law Clerks | 68.8 | $50 | 3,440 | 6,020 |
|  |  |  |  |  |
| **Total** |  |  | **$51,870** | **$90,772** |

**IV.   Interest on the Original Fee Award should be Granted**

Pursuant to 28 U.S.C. § 1961, district courts are required to award post judgment interest. The statute provides that "[s]uch interest shall be calculated from the date of the entry of the judgment," and "shall be computed daily to the date of payment." 28 U.S.C. § 1961(a), (b). The statute "mandates the imposition of post-judgment interest, thus removing the award of such

interest from the discretion of the District Court." *Caffey v. UNUM Life Ins. Co.* 302 F.3d 576, 586 (6th Cir. 2002) (citations omitted). This Court has already awarded post judgment interest in its Order granting a stay and requiring the City to post a bond of the amount of the judgment and interest. (Doc. 123).

Plaintiffs ask the Court to clarify that the interest on both the damage award and the first fee award should run from the day of judgment (August 6, 2003 (Doc. 104)). The attorney fees awards starts to run from the same date as the judgment on the verdict even though the judgment on the fee award not entered until February 27, 2004 (Doc. 124). The Sixth Circuit has held that the post judgment interest on attorney fee awards starts to run "from the time of entry of the judgment which unconditionally entitles the prevailing party to reasonable attorney fees." *Associated General Contractors of Ohio, Inc. v. Drabik* 250 F.3d 482, 495 (6th Cir. 2001).

**V.    Litigation Costs**

Plaintiffs are entitled to an award of costs for expenses that would normally be billed to fee-paying clients. This includes copy costs, deposition and transcript costs. Plaintiff's supplemental itemized costs are shown on the attachment to the Branch Declaration. Plaintiff has incurred an additional $2,539.55 in expenses related to the case. (Declaration of Branch).

**CONCLUSION**

Plaintiff should be awarded supplemental attorney fees for defending the case for over 2 years on appeal in the amount of $90,773 as costs pursuant to 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k) . Plaintiff should be awarded her expenses in the amount of $2,539.55 for a total of $93,312.05 in supplemental attorney fees and expenses. In addition, Plaintiffs should be awarded post judgment interest on the judgment on the verdict (Doc. 104) and the first attorney

fee award (Doc. 123) on a daily basis from August 6, 2003 until the date the City pays these judgments.

>Respectfully submitted,
>
> s/ Jennifer L. Branch
> Alphonse A. Gerhardstein #0032053
> Trial Attorney for Plaintiff
> Jennifer L. Branch #0038893
> Attorney for Plaintiff
> GERHARDSTEIN BRANCH & LAUFMAN
> 617 Vine Street #1409
> Cincinnati, Ohio 45202
> (513) 621-9100
> agerhardstein@GBLfirm.com
> jbranch@GBLfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2005, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

> s/ Jennifer L. Branch
> Attorney for Plaintiff