UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PHILECIA W. BARNES | : | Case No. C-1-00-780 |
| Formally known as | | |
| PHILLIP W. BARNES | : | (Judge Dlott) |
| PLAINTIFF | : | |
| vs. | : | **DEFENDANT CITY OF CINCINNATI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL FEES AND EXPENSES** |
| CITY OF CINCINNATI | : | |
| DEFENDANT | : | |

Defendant, City of Cincinnati submits the following memorandum in opposition to Plaintiff's Motion for Supplemental Fees and Expenses.

The issues before the Court are:

> 1) The reasonableness of the hours expended and the calculation of fees under Section 1988; 2) Whether interest should be granted to attorney fee award commencing from the date of Judgment on the merits or the date of Judgment on the request for fees; 3) The appropriateness of an award of a multiplier to the supplemental fees since August of 2003; and lastly, 4) The entitlement to litigation costs.

**I.    The Reasonableness of the Supplemental Hours Expended and the Calculation of Fees.**

Plaintiff's counsel has represented to this Court the number of hours expended. It is assumed the representations made to the Court as to the number of hours are correct. Defendant does object to certain expenses claimed for tax advice with another law firm more fully discussed below. Therefore, the time claimed for any such matter under date of 7/26/05 in counsel's Exhibit A should be deducted.

**II.    Whether Interest Should Be Granted From The Original Judgment Entered on August 6, 2003 or The Date of The Judgment Granting Fees of February 27, 2004.**

The Defendant recognizes that the United States Courts of Appeals are split on whether interest accrual under Section 1961 (a) commences on the date of the merits judgment or the date the fees are awarded. Since the Sixth Circuit has held that interest accrual on attorney's fee awards under Section 1961(a) begins on the date of the merits judgment,[1] the Defendant acknowledges any interest would commence accordingly. The rate of any interest added to the judgment award or attorney fees should be guided by statute.

**III.    The Appropriateness Of An Award Of A Multiplier for Supplemental Fees Since August of 2003.**

When this Court determined the appropriateness of an award of a multiplier in its previous order, the Court noted not only the novelty and difficulty of the case, combined with counsel's skill, but also relied on third party affidavits submitted by Plaintiff's counsel that stated the case was highly undesirable and very few lawyers locally or nationally would have agreed to take on this case. (DOC 124, at p.12).

Although the Sixth Circuit affirmed the previous multiplier as within the wide discretion of the trial court, it commented that this award was near the upper end of what the court would consider reasonable.[2]

The present motion seeks a multiplier on supplemental fees incurred **after** a successful jury verdict. There is no evidence that there was any particular novelty or skill required for the appeal of this successful Plaintiff/Appellee. More significant, there is no

---

[1] *Associated General Contractors of Ohio, Inc. v. Drabik*, 250 F. 3d 482 (2001)
[2] *Barnes v. City*, (2004) 401 F. 3d 729, 747.

basis to assume any reluctance by any counsel to accept representation where the Plaintiff has already achieved a favorable jury verdict. The element of undesirability no longer supports the awarding of a multiplier. Based upon this fact together with the lack of any new extraordinary skill or novelty needed for the Appellee on appeal as well as the upper end range of reasonable fees already awarded, it is respectfully requested that no multiplier be awarded to the supplemental fees requested.

**III.     Award of Litigation Costs Should Be Limited to Reasonable Costs.**

Plaintiff has submitted certain additional costs and expenses since the granting of judgment. In this listing, there is an entry of an expense to the Garretson Law Firm for tax advice. On its face, this expense does not appear appropriate to those costs incurred in defending an appeal. While Plaintiff may have wished assistance for tax advice, such a cost is not reasonable and far removed from any merits argued before the court. As such, it is respectfully requested that this line item be removed from any costs or expenses considered awarded to the Plaintiff.

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor

 /s/ Augustine Giglio_____
**AUGUSTINE GIGLIO**  (0031911)
**GERI HERNANDEZ GEILER** (0042081)
Sr. Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Telephone:  (513) 352-3334
Fax:  (513) 352-1515

Trial Attorneys for Defendant City of Cincinnati

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7th, 2005, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance.

*/s/ Augustine Giglio*
AUGUSTINE GIGLIO (0031911)
City Solicitor


JLM/AG/(chs)
MemoOppSuppFees 1205-AG